UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-1991(DSD/BRT)

Iliana Beatriz Oudom,

    Plaintiff,

v.                                              **ORDER**

Leslie Tritten, Field Office
Director, U.S. and Immigration
Services, James McCament, U.S.
Citizenship and Immigration Services,
Acting Director, Washington, D.C.,
Elaine Duke, Acting Secretary,
Department of Homeland Security,
Washington, D.C.,

    Defendants.

    Marc Prokosch, Esq. and Karam & Associates, 2950 Metro Drive, Suite 201, Bloomington, MN 55425, counsel for plaintiff.

    Ubaid Ul-Haq, U.S. Department of Justice, P.O. Box 868, Ben Franklin Station, Washington D.C. 20044, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants Leslie Tritten, Field Office Director of U.S. Citizenship and Immigration Services (USCIS) in Minneapolis, Minnesota; James McCament, Acting Director of USCIS; and John Kelly, Secretary of the Department of Homeland Security.[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies in part the motion.

---

[1] Although not reflected in the case caption, the court notes that L. Francis Cissna is now the Director of USCIS and Elaine C. Duke is currently the Acting Secretary of Homeland Security.

**BACKGROUND**

This immigration dispute arises out of USCIS's denial of plaintiff Iliana Beatriz Oudom's Application to Register Permanent Residence or Adjust Status. On April 17, 2012, Oudom, a citizen and native of El Salvador, presented herself at a port-of-entry in Hidalgo, Texas for inspection by a Department of Homeland Security (DHS) official. Compl. ¶¶ 6-7; see ECF No. 17-3 at 1.[2] Oudom wanted to apply for asylum, and DHS allowed her to enter the United States pending her application.[3] Compl. ¶ 7. Oudom was given a "credible fear interview"[4] for her asylum application on February 24, 2014, and the DHS official determined that she had a credible fear of torture if she were returned to El Salvador. See ECF No. 17-2 at 4.

On August 8, 2014, while residing in the United States, Oudom married Prathna Oudom, a United States citizen. Compl. ¶ 8. On February 12, 2015, Oudom applied to Register Permanent Residence or Adjust Status based on her marriage to a United States citizen. Id. USCIS denied her application for failure to demonstrate that

---

[2] Because the parties did not attach their exhibits to an affidavit, the court will refer to exhibits by electronic filing number.

[3] As far as the court is aware, Oudom's asylum application is still pending.

[4] During a credible fear interview, a DHS official asks the asylum applicant a series of questions to ascertain whether she has a credible fear of persecution or torture.

she was admitted or paroled into the United States pursuant to 8 U.S.C. § 1255(a).  Id. ¶ 9.

On June 12, 2017, Oudom filed this suit seeking a writ of mandamus[5] and a declaratory judgment that she is eligible to adjust her status to lawful permanent resident and that defendants erred in finding that she was not paroled into the United States.[6] Defendants now move to dismiss for failure to state a claim.

## DISCUSSION

### I.  Standard of Review

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and

---

[5] At the hearing, plaintiff conceded that her mandamus claim is moot.  The court, therefore, dismisses that claim with prejudice.

[6] The court notes that it has no jurisdiction to review USCIS's adjustment of status determination.  See 8 U.S.C. § 1182(d)(5) (stating that parole of aliens into the United States is at the Attorney General's discretion); 8 U.S.C. § 1252(a)(2)(B)(ii) ("[N]o court shall have jurisdiction to review ... any other decision or action ... which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security ...."). The court does, however, retain jurisdiction to interpret the statutes at issue. See Succar v. Ashcroft, 394 F.3d 8, 19 (1st Cir. 2005) ("Both the Supreme Court and this court have consistently rejected arguments that Congress has eliminated judicial review of the legal question of interpretation of the statute as to whether an alien is eligible for consideration of relief.").

internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right of relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the court properly considers documents pertaining to Oudom's immigration status.

**II.  Motion to Dismiss**

At issue are two statutes under which the government may "parole" an alien. Under 8 U.S.C. § 1182(d)(5)(A), the Attorney General may, at his discretion and on a case-by-case basis, temporarily parole an alien into the United States for "urgent humanitarian reasons or significant public benefit." After the

4

purposes of the parole have been served "the alien shall forthwith return or be returned to the custody from which he was paroled and ... his case shall continue ... in the same manner as that of any other applicant."  8 U.S.C. § 1182(d)(5)(A).  The parties agree that an alien paroled under this statute is eligible for adjustment of status to legal permanent resident.

It is also undisputed that an alien paroled under 8 U.S.C. § 1226 is not eligible for adjustment of status.  Under this statute, upon a warrant issued by the Attorney General, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  The Attorney General has the option of continuing to detain the alien, release the alien on bond, or release the alien on "conditional parole."  See 8 U.S.C. 1226(a)(1)-(2).

The defendants argue that, as a matter of law, Oudom was conditionally paroled pursuant to § 1226.  In support, the government cites to Oudom's apparent failure to provide evidence that she was paroled pursuant to § 1182(d)(5)(A).  The defendants contend that if Oudom had been paroled under § 1182, the government would have made its intention clear by issuing a Form I-94 endorsed with a parole stamp or another document that references § 1182(d)(5)(A).  See Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1116 (9th Cir. 2007) ("We see nothing that would preclude the government from paroling ... an alien into the United States under

5

§ 1182(d)(5)(A), rather than conditionally paroling the alien under § 1226(a), so long as the government makes its intention clear ....").

Oudom concedes that she lacks such documentation, but contends that under the agency's regulations and policy, the only way she could have entered the United States was to be paroled pursuant to § 1182(d)(5)(A). Specifically, the agency's regulations provide that "[a]ny alien who is placed in expedited removal proceedings ... will be detained pursuant to ... 8 U.S.C. § 1225(b),[7] with certain exceptions, until removed. However, aliens determined to have a credible fear may be considered by DHS for parole in accordance with [§ 1182(d)(5)] and 8 CFR 212.5."[8] Designating Aliens for Expedited Removal, 69 Fed. Reg. 48877 (Aug. 11, 2004). Oudom argues that under this regulation, the agency may only admit, deport, detain, or parole an arriving alien, and because she was not admitted, deported, or detained, she must have been paroled.

Oudom also points to Form I-862 - Notice to Appear, issued to her by DHS, which indicates that her expedited removal order was

---

[7] Section 1225(b) provides that an immigration officer shall order an arriving alien to be immediately removed if the officer determined that the alien is inadmissable. The parties agree that Oudom is an "arriving alien."

[8] 8 C.F.R. § 212.5 lists groups under which parole under § 1182(d)(5) would be justified. These groups include aliens with serious medical conditions, pregnant women, juveniles, and "aliens whose continued detention is not in the public interest." See 8 C.F.R. § 212.5(b).

vacated pursuant to 8 C.F.R. § 208.30. See ECF No. 17-3. 8 C.F.R. § 208.30 provides that "[i]f an alien ... is found to have a credible fear of persecution or torture, the asylum officer will so inform the alien and issue a Form I-862. ... Parole of the alien may be considered only in accordance with [8 U.S.C. 1182(d)(5)]." Oudom argues that because she was an alien found to have a credible fear of torture, she could have only been paroled pursuant to § 1182(d)(5)(A), per the agency's own regulation.

Defendants argue, however, that Oudom could not have been paroled because it would be incongruous for the government to seek the removal of an alien that has been paroled pursuant to § 1182.[9] But both the statute and regulations contemplate removal of previously paroled aliens. Therefore, it is not inconsistent for the government to parole an alien and later seek her removal. See 8 U.S.C. § 1182(d)(5)(A) ("[W]hen the purposes of such parole ... have been served the alien shall forthwith return ... to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant ...."); 8 C.F.R. § 212.5(e)(2) ("When a charging document

---

[9] Contrary to defendants' contention, the fact that Oudom was required to follow certain conditions pursuant to an Order of Supervision, ECF No. 9-1, does not necessarily mean she was conditionally paroled under § 1226. Parole under § 1182(d)(5)(A) also contemplates that conditions will be imposed. See 8 C.F.R. § 212.5(d) (stating that officials may require reasonable assurances and impose reasonable conditions on aliens paroled pursuant to § 1182(d)(5)(A).

7

is served on the alien, the charging document will constitute written notice of termination of parole ....").

Although Oudom was not issued a Form I-94 or similar document, the government does not contend that this is the only sufficient evidence of parole available. Further, because Oudom is an arriving alien with a credible fear of torture, the agency's own regulations indicate that Oudom may have been paroled pursuant to § 1182(d)(5)(A). Defendants provide no persuasive alternative interpretation of the regulations. Without a more fully developed record, the court is not able to conclude, as a matter of law, that Oudom was paroled under § 1226 rather than § 1182(d)(5). As a result, the motion to dismiss must be denied.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's writ of mandamus claim is dismissed with prejudice; and

2. In all other respects, defendants' motion to dismiss [ECF No. 6] is denied.

Dated: November 15, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court